UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ZACHARY HUTCHINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-00635-WTL-TAB |
| ) | |
| SUPERINTENDENT New Castle Correctional ) | |
| Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

**A. Background**

Zachary Hutchinson is a state prisoner who asserts that a disciplinary proceeding identified as No. NCF-15-02-0517, in which he was found guilty of violating prison rules by his Possession of Intoxicants, is tainted with constitutional error.

The evidence favorable to the decision of the hearing officer is that during the morning of February 23, 2015 Hutchinson passed a coat to inmate Michael Riggle, and inside the coat at the time it was handed to Riggle were three bottles containing a thick liquid with pulp which emitted an intoxicating smell. These bottles were recovered by prison staff.

**B. Discussion**

"[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d

637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570–71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

Measured against this standard, Hutchinson's challenge to the disciplinary proceeding identified as No. NCF-15-02-0517 fails. Specifically: (1) the conduct report contains the reporting officer's first-hand account of the Hutchinson's possession of the coat in which the intoxicant contraband was located; (2) Hutchinson received a copy of the conduct report on February 27, 2015; (3) a hearing was conducted on March 3, 2015; (4) Hutchinson was present at the hearing and made a statement concerning the charge; (5) the hearing officer's report identifies the evidence considered in making a decision; and (6) the hearing officer's report includes a statement of the reasons for the sanctions which were imposed. The foregoing shows that Hutchinson was originally charged with Unauthorized Possession of Property and at the hearing, after consideration of the evidence, the hearing officer found Hutchinson guilty of Unauthorized Possession of Intoxicants.

Hutchinson seeks relief based on his challenge to the sufficiency of the evidence, which in turn is based on the absence of testing of the liquid. This argument fails because he is not entitled to such a test at a prison disciplinary hearing. *See Freitas v. Auger,* 837 F.2d 806, 812 n.13 (8th Cir. 1988) (holding that prisoners are not entitled to polygraph tests in disciplinary hearings); *see*

*also United States v. Sanapaw,* 366 F.3d 492, 496 (7th Cir. 2004) (holding that, even in a criminal trial, forensic testing is not necessary to prove the identity of controlled substances so long as the other evidence, both circumstantial and direct, is sufficient). Beyond this, the reasonable inference from the conduct report is that the liquid emitted an odor of alcohol. This Court agrees that "identification of alcohol by laboratory testing is not required. Identification of alcohol based upon factors such as appearance or characteristic odor can be accepted as sufficient." *Morgan v. Campbell,* 2007 WL 776104, at *4 (E.D.Cal. Mar. 12, 2007) *report and recommendation adopted,* 2007 WL 1747483 (E.D.Cal. June 18, 2007) aff'd, 270 F. App'x 657 (9th Cir. 2008).

As to the finding of misconduct which was not charged, which is the central theme of Hutchinson's habeas petition, revising an offense in this manner does not violate due process so long as the revised finding is based on the same evidence as already considered and the inmate had notice of that evidence. *See Northern v. Hanks,* 326 F.3d 909, 911 (7th Cir. 2003) (explaining that inmate was not denied due process by substitution of different charge during administrative appeal because investigative report given to inmate before disciplinary hearing placed him on notice that he could be subject to additional charge); *Holt v. Caspari,* 961 F.2d 1370, 1373 (8th Cir. 1992) (concluding that prison disciplinary committee did not deny inmate due process by elevating charge from possession of "contraband" to "dangerous contraband" since both charges shared same factual basis). That was certainly the case as to the events narrated in the conduct report and their relation to the ultimate finding of the hearing officer.

### C. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was

no constitutional infirmity in the proceeding which entitles Hutchinson to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

Hutchinson's motion for status of case [dkt 20] is **granted.** Based upon the issuance of this Entry and the accompanying Judgment, the case has been fully adjudicated in this Court.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 3/29/16

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

ZACHARY HUTCHINSON
139007
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All Electronically Registered Counsel